THE urhoner was indicted at the district court: oí Winchester, in April, 1793. The indictment consist- d of two counts. The first count charged that he did f. loniously forge, and counterfeit, and feloniously ditl . ¡d a ad assist in forging and counterfeiting, a ct'isii- cenificate, purporting to be a certificate issued FcLruarv g, 1782, by Bowling Starke, and John Boush, for the ;m ment of money, (which said Bowling Starice and | Sin Boush, were then auditors of public accounts am :.o< iz . o so issue such certificates) for and on behalf of the o’M commonwealth, tó a certain Thomas Scott, and to entitle h’tn to claim from the commonwealth 50/. specie in part for two years pay and subsistence on account as a captain in the Virginia line on continental establishment, payable 1st January, 1785, with six percent, interest, agreeably to fan act of assembly , passed November 1781, and to be given under the hands of the said Bowling Starke and John Boush, on the said 8th February, 1782, and to be subscribed by the said Bowling Starke and John Boush, with their names: it then sets forth the certificate in fixe verba: with intention to defraud and impoverish the commonwealth, contra form: stat: &c.
*110 The second count is as follows: “ And the jurors “ aforesaid, upon their oath aforesaid, do further pre- “ sent, that the said Christian Kearns afterwards, viz. “ on the said 13th November, 1792, with force and “ arms, at the said parish and county of Berkeley in the “ said district, and within the jurisdiction of this court, “ feloniously did transfer a certain other false, forged, “ and counterfeited certificate, purporting to be a certi- “ ficate issued on the 8th day of February, 1782, by Bow- “ ling Starke and John Boush for the payment of money “ (they the said Bowling Starke and John Boush, then, “ to wit, on the day and year last mentioned, being, and “ long before having been, auditors of public accounts “ for the said commonwealth, and authorized and direct- “ ed by the legislature cf the said commonwealth, to set- “ tie the claims of certain officers and soldiers, and to “ issue such a certificate or certificates, for and on behalf “ of the said commonwealth) to a certain Thomas Scott, “ and purporting that the said Thomas Scott is entitled “ to claim from the said commonwealth the sum of SOL “ specie, in part for two years pay and subsistence on ac- “ count as a captain of infantry in the Virginia line and “ continental establishment, payable the 1st day of Janu- “ ary, in the year 1785, with an interest thereon, at the “ rate of six per cent, per annum, agreeable to an act of “ the general assembly, passed in the November session, “ in the year of our Lord 1781, and to be given under *111 “ the hands of the said Bowling Starke and John Boush, “ on the said 8th February, 1782, and to be subscribed “ by the said Bowling Starke and John Boush, with the “ names of them the said Bowling Starke and John “ Boush, which said last mentioned false, forged, and “ counterfeited certificate for the payment of money was “ and is in the number, words, letters, and figures, fol- “ lowing, to wit:
5472.
“ We the auditors of public accounts do hereby certify, “ that Thomas Scott,'is entitled to the sum of fifty pounds “ specie, in part for two years pay and subsistence on “ account as a captain of infantry, payable the first day of “ January, 1785, with an interest thereon, at the rate of “ six per cent, per annum, agreeable to an act of assent- “ bly passed the November session, 1781. Given under “ our hands, this 8th day of February, 1782.
3/. int. B. STARK,
J. BOUSH.
“ with intention to defraud the said commonwealth, he “ the said Christian Kearns, at the time he so transfer- “ red the said last mentioned false, forged, and counter- “ feited certificate, for the payment of money as aforesaid, “ W’ell knowing the same to be false, forged and counter- “ feited, against the form of an act of assembly, &c.”
After the prisoner had pleaded, on the motion of the attorney for the commonwealth, who informed the court *112 that the witnesses summoned for the commonwealth were not present, and could not be had at that term, the prisoner was remanded to jail, and the trial postponed till the succeeding court.
At the April term, 1794, the trial was had, and the jury found a verdict as follows: “ We of the jury find the u prisoner Christian Kearns, guilty of transferring the “ certificate specified in the indictment, knowing it to be u forged; if the court shall be of opinion that parol proof “ of the appointment of Bolling Starke, and John Bousb, “ to be auditors of the public accounts be sufficient, and “ that the variance between the name of Bolling Starke, “ heretofore one of the auditors of public accounts in this u commonwealth, as proved by such parol testimony, and “ the name of Bowling Starke in the indictment mention- “ ed as a person authorized to grant certificates for the “ payment of money in behalf of the commonwealth, is “ not material; otherwise we find him not guilty thereof; “ and we find him not guilty of the felony charged in the “ first count.”
The district court adjourned the question of law arising from the points reserved by the verdict, and the general court, on the 19th June, 1794, Judges Tucker, Henry, and Nelson, being present, decided “that the law is for “ the defendant.”